GEORGE W. LANFERSIEK V. CINCINNATI (CITY) ET AL.

INCREASED LIGHT AND AIR FROM OPENING OF STREET CANNOT BE REGARDED AS BENEFIT.

Increased light and air resulting from the opening of a street cannot be considered as a benefit arising from a subsequent surface improvement of the same.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 227-234.—Ed.]

**C. E. Tenney,** for plaintiff.

**C. J. Hunt,** for defendants.

**GIFFEN, J.**

The plaintiff is the owner of a lot fronting on Jefferson avenue and abutting 150 feet on Nixon street, which was assessed for the improvement of the street by grading, setting curbs and crossings, flagging and paving gutters, macadamizing. the roadway, and constructing

Lanfersiek v. Cincinnati.

the necessary culverts, drains and retaining walls. Five annual installments have been paid, and the plaintiff now seeks to enjoin the collection of the remaining five installments, on the ground that the property received no special benefits in excess of the amount paid.

The dwelling house which is situated on this lot was built before Nixon street was opened, and was not designed for use and occupancy upon a corner lot. The approach to the premises from the side street is made difficult and inconvenient by reason of the steep grade. The chief benefit to the property consists in the improved appearance of the surroundings rather than any additional use appurtenant to the land. The real benefit from the improvement is derived by the public, and not the abutting owner.

Much of the testimony that the premises had been increased in value by reason of the improvement was based on the theory that the added light and air was a substantial benefit. But this was assured without the improvement, and cannot therefore be considered. We are of the opinion that the special benefits received do not exceed the installments paid, and that the collection of those remaining should be enjoined.

**Jelke** and **Swing, JJ.,** concur.